Commercial Investment Trust, Inc.
vs.                         } No. 68449
Antoine E. Lambert, et al.

## DECISION.
### January 15, 1930.

FROST, J. Heard on plaintiff's motion for new trial after verdict for defendants.

This is an action brought by the plaintiff to recover on a promissory note made by Antoine E. Lambert and endorsed by his brother, Joseph N. Lambert. The plaintiff is a bona fide holder for value, the note having been assigned to it by Robert W. Dyer of Attleboro, Massachusetts.

The evidence shows that Joseph N. Lambert purchased a Moon car of Dyer some time in the year 1925, possibly in the month of April; that in payment therefor he turned in his Cleveland car and signed a note and conditional sale agreement; that thereafter Dyer sold the Cleveland car to Lambert's brother, Antoine E. Lambert, receiving from the latter a promissory note signed by him and endorsed by Joseph N. Lambert.

Antoine Lambert failed to pay this latter note and it is upon this note that the present suit was brought against the two Lamberts.

Joseph N. Lambert made certain payments on his Moon car to Dyer, who shortly afterward absconded, and in August, 1925, Horace G. Pender, a representative of the plaintiff, which was now the assignee on the note and sale agreement taken upon the sale of the Moon car, came to Mansfield, Massachusetts, and there talked with Joseph N. Lambert relative to payments on his Moon car. Lambert contends that he was asked to pay certain sums that he had already paid, but after some negotiation and upon the promise given by Pender, as Lambert asserts, that the note signed by his brother and on which he was endorser would be cancelled, he paid the amount demanded.

Lambert's defence to the present suit is that he surrendered the right to dispute the amount due on his Moon car in return for the cancellation of the note on which he was endorser. In the Court's judgment the surrender of this right, irrespective of the amount involved in dollars and cents, was a sufficient consideration for the cancellation of the note, provided the dispute was genuine and bona fide.

Lambert, when upon the witness stand, impressed the Court as being honest and sincere in his statements. It is true that his testimony, which has been transcribed for the Court, was frequently vague and more or less confused, due possibly to the length of time which had elapsed since the happening of the matters related. It is also difficult to prove from his testimony that he paid more on his Moon car than he had originally obligated himself to pay.

Pender, himself, did not appear in Court, but his deposition was there and in that he denied that he made any such agreement as was contended for by Lambert. However, that he

should have entered into such an agreement does not seem so improbable since Dyer's affairs were, as Pender characterizes them, a "mess," and since Antoine Lambert's Cleveland car had been returned to the plaintiff.

The jury evidently believed that the dispute was a genuine one on Lambert's part and the Court thinks that upon the evidence as a whole there was justification for this view and for the subsequent verdict. The motion for new trial is therefore denied.

For plaintiff: Harold R. Semple of Raymond & Semple.

For defendants: Rosenfeld & Hagan.